IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL A. WESCOTT, | : |
| Plaintiff, | : : : |
| v. | : Civ. No. 21-462-LPS |
| SPARKSLABS IOT ACCELERATOR FUND., L.P., et al., | : : : : |
| Defendants. | : |

**MEMORANDUM**

1. **Background.** Plaintiff Carl A. Wescott, appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)

2. **The Complaint.** Plaintiff asserts jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. Plaintiff is currently a resident of the State of Arizona. (D.I. 2-1 at 1) His application to proceed *in forma pauperis* indicates that he was employed at SparkLabs Group located in Palo Alto, California from October 26, 2017 through July 4, 2021. (D.I. 1 at 2-2) He alleges that Defendant SparksLabs IoT Accelerator Fund, L.P. ("SparkLabsIoT") is an accelerator fund whose management Defendant SparksLabs Management LLC ("SparkLabs Management") is a Delaware LLC. (D.I. 2 at 2) He alleges that Defendant Charles Reed Anderson ("Anderson") is a resident of Singapore, that Bernard Moon ("Moon"), the manager of SparkLabs Management, is a resident of Palo Alto, California, and that SparksLabs Connex's ("SparksLabs Connex") domicile is unknown but its operations are apparently in Singapore. (*Id.*)

3. Count I alleges unjust enrichment, Count II alleges whistleblower retaliation under California Labor Code 1102.5, Count III alleges breach of the Delaware Uniform Trade Secrets Act, Count IV alleges securities fraud under the California Corporation Code 25401, and Count V alleges

1

breach of the implied covenant of good faith and fair dealing. (D.I. 2 at 17-22) The Complaint states that California law is properly applied to Count II since Plaintiff was recruited and retained in California, performed his full-time services in California as well as in South Korea, and he was fired in retaliation for threatened whistleblowing in California by Moon while both were in California. (*Id.* at 18) He alleges that California law is properly applied to Count IV because the transaction took place in California as did Moon's fraudulent acts related thereto. (*Id.* at 20) Plaintiff seeks compensatory damages, as well as damages under California statutes. (*Id.* at 22-23)

    4.    **Discussion.** Plaintiff alleges that jurisdiction is proper based on diversity of citizenship of the parties. The Court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

    5.    Plaintiff's allegations indicate that a substantial part (if not all) of the events giving rise to the claims occurred in Palo Alto, California. In reading the allegations, it is evident that none of the events or omissions giving rise to Plaintiff's claims occurred in Delaware. Given that the alleged wrongdoing occurred in California and Plaintiff raises only state law claims, the Court takes into consideration the familiarity of the trial judge with the applicable state law in this diversity case.[1] The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Northern District of California, where (based upon the allegations) it appears that most, if not all of the events took place.

---

[1] It is unclear if the parties are actually diverse. The Complaint states that Defendant SparkLabs Connex's domicile is unknown. (D.I. 2 at 2)

6. **Conclusion.** For the above reasons, the Court will direct the Clerk of Court to transfer this action to the United States District Court for the Northern District of California. A separate order shall issue.

                                                                                                      HONORABLE LEONARD P. STARK
                                                                                                      UNITED STATES DISTRICT JUDGE

November 9, 2021
Wilmington, Delaware